No. 2720

Second Circuit

---

SIESS v. COUVILLION

---

(June 2, 1926, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Courts—Par. 127.**

The Court of Appeal has no original jurisdiction to issue injunction under Section 29 and Section 2 of Article VII of the Constitution of 1921.

Appeal from the Twelfth Judicial District Court of Louisiana, Parish of Avoyelles, Hon. L. P. Gremillion, Judge.

Action by Mrs. Mina Siess against C. P. Couvillion, sheriff, etc. Application for injunction restraining the sheriff and seizing creditors from proceeding with the advertisement and sale of plaintiff's property binding the decision of the Court of Appeal.

Application dismissed.

J. C. Cappel, Porterie and Bordelon, of Marksville, attorneys for plaintiff, appellant.

A. V. & P. Coco, W. E. Couvillon, of Marksville, attorneys for defendant, appellee.

BY THE COURT. The plaintiff, appellant, has presented to the judges of this court an application in which she alleges, in substance, that, on January 20, 1926, she made application for and obtained from the Judge of the Twelfth Judicial District Court of Louisiana in and for the Parish of Avoyelles a temporary restraining order, restraining the sheriff of Avoyelles parish, C. P. Couvillion, from selling her property, which he had seized under certain writs of *fieri facias;* that in the same order granting the restraining order the said judge issued a rule *nisi* ordering the sheriff and seizing creditors to show cause on a day fixed why said temporary restraining order should not be continued and perpetuated and a permanent injunction issued; that subsequently thereto and prior to the date set for the hearing, the sheriff and seizing creditors filed exceptions of no cause or right of action and moved to dissolve the restraining order previously issued, which exceptions and

motion were set down for argument and were argued and submitted to the court; that on the day fixed for the hearing on the rule *nisi* the judge sustained said exceptions and dissolved the restraining order previously granted; that she moved for a new trial, which was refused by the court, whereupon she applied for and was granted a suspensive appeal to this court and that she furnished bond in the amount fixed by the court.

She further alleges that, notwithstanding she was granted a suspensive appeal to this court and that she filed bond in the amount fixed by the court, the said sheriff persists in advertising and selling her property.

"Now your petitioner shows to this honorable court that notwithstanding the fact that a suspensive and devolutive appeal were granted to her by the Honorable 12th Judicial District Court from the latter court's ruling and maintaining the exception of no cause of action, in the above numbered and entitled cause, the said sheriff of the Parish of Avoyelles and the creditors named hereinabove, are proceeding anew with the advertisement of that property and have offered for sale her property in satisfaction of the judgments hereinabove listed on Saturday, June 12, 1926 (as per certificate of publisher of Weekly News, Marksville, La., hereto attached and made a part of this petition); that in order to give effect to the suspensive appeal taken in this cause aforesaid and until your Honorable court can pass upon the issues involved herein and determine the correctness of the ruling of the 12th Judicial District Court herein, it is necessary that the said sheriff of the Parish of Avoyelles, C. P. Couvillion, and the creditors, August H. Flaspoller Company, Louisiana Molasses Company, E. E. Worms, Nicholas Burke Company, Goodbar & Company, A. Lehman & Company, Dwyer Brothers Company. Ltd., and Albert Hardtner Company, be restrained, prohibited and enjoined from proceding further with the advertisement and sale of your petitioner's property until the further orders of

this court and until she has had an opportunity to be heard on appeal; that unless the said sheriff of the Parish of Avoyelles and the said seizing creditors, all of whom are named hereinabove, are restrained and prohibited from this illegal advertisement and sale of your petitioner's property, petitioner shows that she will suffer irreparable loss and injury."

And she prays that the said sheriff and seizing creditors be restrained from proceeding further with the advertisement and sale of her property on June 12, 1926, until this court shall have reviewed the issues concerned in said case on appeal and until the further orders of this honorable court.

## OPINION

This court is without jurisdiction in the premises.

Section 29 of Article VII of the Constitution provides:

"The Courts of Appeal, except as otherwise provided in this constitution, shall have appellate jurisdiction only * * *."

Section 2 of the same article provides that—

"* * * the Courts of Appeal, and each of the judges thereof, * * * may issue writs of *habeas corpus*, in behalf of any person in actual custody * * * and may also in aid of their respective jurisdictions, original, appellate or supervisory. issue writs of mandamus, certiorari, prohibition, *quo warranto*, and all other needful writs, orders and process * * *."

Upon the application of plaintiff, the applicant here, an appeal in this case was lodged in this court on May 25, 1926. She now comes into this court asking for the issuance of an order which the lower court

refused to grant. Upon the hearing of the case in this court on appeal the court will pass upon the question presented and if the court below erred, its error will be corrected.

But this court has no original jurisdiction to issue injunctions. The only writs we are authorized to issue are these in aid of our appellate jurisdiction. Plaintiff is not asking for a writ directed to the court below. She asks that we enjoin the sheriff of the Parish of Avoyelles from selling her property.

The relief prayed for is therefore refused.

Judges of the Court of Appeal, Second Circuit, State of Louisiana.